2011-01080
FILED
March 16, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003351387

BRAD A. MOKRI, SBN: 208213
JENNIFER N. HUPE, SBN: 256009
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for Plaintiff
HERITAGE PACIFIC FINANCIAL LLC.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISIONAL OFFICE

| | |
|---|---|
| In Re: | Chapter 7 |
| | Bankruptcy No.: 1:11-bk-10389 |
| MICHAEL ANDREW AND SARAH KATHRYN TORELL | Adversary Case No.: |
| Debtor. | **PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| HERITAGE PACIFIC FINANCIAL, LLC. D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, | [11 U.S.C. §523(a)(2)(A); 11 U.S.C. §523(a)(2)(B)] |
| Plaintiff, vs. | DATE: See Summons |
| MICHAEL ANDREW AND SARAH KATHRYN TORELL | |
| Defendant. | |

### COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

Plaintiff, through its attorney, Brad A. Mokri, of Law Offices of Mokri & Associates, states as follows:

---

PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

- 1

## PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendant filed a Chapter 7 bankruptcy petition on January 12, 2011. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. § 523; this matter is a core proceeding.

4. Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendant's loan and related mortgage note.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes, and thereon alleges that in an effort to obtain funds to purchase and/or refinance a property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein.

6. Defendant obtained loans evidenced by promissory notes executed by Defendant. Plaintiff is the true and current owner and holder of Defendant's loan and related promissory note. A true and correct copy of the Note is attached as **Exhibit "B"** and incorporated by reference herein.

7. Defendant certified the accuracy of the information contained in the Loan Application and expressly consented to the verification and re-verification of the information contained therein.

8. Among other information required to be certified, and in fact certified, by Defendant on the Loan Application, was information regarding Defendant's current employer, gross monthly income, and intent to use the property securing the loan as Defendant's primary residence.

9. Defendant knew that their then-current income was insufficient to obtain the

loans, and in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant provided, prepared, or caused to be prepared, a Loan Application which materially misstated Defendant's employment, income and/or intended use of the property as a primary residence; and caused Defendant's agent to submit to the lender a materially false Loan Application and other materially false documents related thereto.

10. Plaintiff is informed, believes, and thereon alleges that Defendant directed, instructed, and caused to have their materially false Loan Application and supporting documentation transmitted to Defendant's lender knowing that the information in the Loan Application and supporting documentation was materially false.

11. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in and in conjunction with the Loan Application was false. In reliance on the information and documentation provided by Defendant, the lender approved Defendant's Loan Application.

12. Defendant executed a promissory note in favor of the lender, pursuant to which Defendant agreed and promised to repay the loan according to the terms of the promissory note. The proceeds of the loan, as stated in the promissory note, were to be used to purchase and/or refinance the property securing the promissory note.

13. The lender fully performed, including by disbursing the loan proceeds to Defendant. The lender and/or its assignees duly assigned Defendant's loan and promissory note to Plaintiff, who is currently the owner and holder of Defendant's loan and promissory note.

14. Defendant defaulted on their payment obligations and obligation to re-verify the information contained in the Loan Application despite the Plaintiff's request therefore.

15. Plaintiff is informed, believes, and thereon alleges that in applying for the loan, the Defendant knowingly misstated her monthly income on their Loan Application and concealed their true income. Plaintiff is further informed and believes that the Defendant knowingly misstated the status of their employment on the Loan Application and concealed their true employment status. Plaintiff is further informed and believes that Defendant misrepresented their residency such that

the property securing the loan was not Defendant's primary residence, and concealed their true residency status.

16. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

17. Plaintiff is not barred from pursuing this action by any anti-deficiency statute or rule. Plaintiff does not seek a deficiency judgment for the balance of a promissory note following foreclosure, but rather seeks a judgment for Defendant's fraud in connection with their loan application, as alleged herein. Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting Defendant.

## FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

### [11 U.S.C. § 523(a)(2)(A)]

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $146,989.34 including interest as of the date the bankruptcy petitioner was filed.

20. Defendant obtained the money by false pretenses, a false representation and actual fraud by misrepresenting that the money obtained for the purpose of purchasing a property for their primary residence. Defendant misrepresented her intended use of the property as their primary residence as the property was being purchased for another individual.

21. The lender did not know, and had no reason to know, that defendant misrepresented their intended use of the property and in reliance on the information approved the loan.

22. At the time of obtaining the money from the lender execution of the loan, Defendant failed to disclose to Lender that they did not and would not use the property as their primary residence. Lender justifiably relied on Defendant's representation and paid money for the purchase of a primary residence.

23. By reason of the foregoing, Defendant obtained money from the lender through false pretenses, false representations and actual fraud. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for the lender to rely on the misrepresentation.

24. Lender reasonably relied upon Defendant's misrepresentations and was induced to lend money to Defendant by those misrepresentations.

25. Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

26. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $146,989.34 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(A), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $146,989.34 plus interest and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### Use of False Statement in Writing

### [11 U.S.C. § 523(a)(2)(B)]

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

28. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed.

A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $146,989.34 including interest as of the date the bankruptcy petitioner was filed.

29. In an effort to obtain the funds, Defendant caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed.

30. On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein including but not limited to financial condition of Defendant and consented to the verification and re-verification of the information contained therein.

31. Among the information provided and certified by Defendant in their Uniform Residential Loan Application, Defendant was required to certify information regarding their current employer, statements of their gross monthly income, and to certify that their intended to use the loan proceeds to purchase real property which Defendant intended to use as their primary residence.

32. In furtherance of their effort, because Defendant knew that their then current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant:

    a) Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence;

    b). Certified a false loan application, which misstated their employment income and/or intended use of the property as a primary residence; and

    c). Caused their agents to submit to lenders a false loan application and other loan related documents

33. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in, and in conjunction with, their loan applications was

false, and in reliance on the information and documentation provided by Defendant to the lender therein approved the loan.

34. Defendant executed a promissory note in favor of their initial lender, its successors, transferees, and assigns. In the loan application Defendant expressly represented to the original lender and to its successor in interest the accuracy of the information.

35. The proceeds of the loan, as referenced in the promissory note, were to be used by Defendant in the purchase or refinance of the property described therein. In exchange, Defendant agreed and promised to pay according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

36. Lender fully performed, and Defendant acquired title to the property. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

37. Defendant has defaulted on their obligations to pay and to re-verify the information contained in the Uniform Residential Loan Application. Despite Plaintiff's attempts to secure information from Defendant to re-verify the information contained in their loan application, Defendant has failed and/or refused to comply with Plaintiff's requests.

38. Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

39. By reason of the foregoing, Defendant obtained money by using a statement in writing that falsely represented Defendant's financial condition on which the lender relied on. Defendant submitted the loan application with the intent to deceive the lender. Defendant, therefore, had a specific intent to defraud their lender.

40. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for their ender to rely on those misrepresentations. Lender did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations. Lender reasonably relied on Defendant's misrepresentations.

---

41. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $146,989.34 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(B), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $146,989.34 plus interest and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $146,989.34, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2)(A) and (B);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: March 16, 2010

**Respectfully Submitted,**

**LAW OFFICES OF MOKRI & ASSOCIATES**

By: /S/ BRAD A. MOKRI
Brad A. Mokri
Attorney for Plaintiff
Heritage Pacific Financial, LLC.
dbaHeritage Pacific Financial

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

_____ _____
Borrower                 Co-Borrower

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☑ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate | ☑ Other (explain): 2yr io |
|---|---|---|---|---|---|
| $ 147,000 | 12.% | 480/360 | | ☐ GPM | ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | No. of Units |
|---|---|
| 2820 East Olive Ave., Merced, CA 95340  County: Merced | 1 |
| Legal Description of Subject Property (attach description if necessary) | Year Built |

| Purpose of Loan | ☑ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: |
|---|---|---|
| | ☐ Refinance  ☐ Construction-Permanent | ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment |

*Complete this line if construction or construction-permanent loan.*

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

*Complete this line if this is a refinance loan.*

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements  ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| Michael Toroll  Sarah Toroll | Husband and Wife, As Joint Tenants | ☑ Fee Simple  ☐ Leasehold (show expiration date) |

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Michael Toroll | Sarah Toroll |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| ███-6356 | ███ | ██/1977 | 12 | ███-7669 | ███ | ██/1983 | 12 |

| ☑ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower)  no. 0  ages | ☑ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower)  no. 0  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☑ Own  ☐ Rent  3.5 No. Yrs. | Present Address (street, city, state, ZIP)  ☑ Own  ☐ Rent  3.5 No. Yrs. |
|---|---|
| ████████ | ████████ |
| Merced, CA 95348 | Merced, CA 95348 |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

*If residing at present address for less than two years, complete the following:*

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  ___ No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  ___ No. Yrs. |
|---|---|

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  ___ No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  ___ No. Yrs. |
|---|---|

Fannie Mae Form 1003  07/05
CALYX Form Loanapp1.frm 09/05

Page 1 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65  07/05

EXHIBIT A

|  | Borrower | IV. EMPLOYMENT INFORMATION | Co-Borrower | | |
|---|---|---|---|---|---|
| Name & Address of Employer<br>██ ██████████<br>███ ██████████<br>Merced, CA 95340 | ☑ Self Employed | Yrs. on this job<br>10 yr(s) 0 mth(s)<br>Yrs. employed in this line of work/profession<br>2 | Name & Address of Employer<br>HOMEMAKER | ☐ Self Employed | Yrs. on this job<br><br>Yrs. employed in this line of work/profession |
| Position/Title/Type of Business<br>General Contractor | | Business Phone (incl. area code)<br>████████ | Position/Title/Type of Business | | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income<br>$ | | | Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income<br>$ | | | Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income<br>$ | | | Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income<br>$ | | | Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 14,990.00 | $ | $ 14,990.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | 983.00 | $ 3,580.64 |
| Bonuses | | | | Other Financing (P&I) | 449.00 | 1,512.17 |
| Commissions | | | | Hazard Insurance | 85.00 | 100.00 |
| Dividends/Interest | | | | Real Estate Taxes | 180.00 | 764.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 14,990.00 | $ | $ 14,990.00 | Total | $ 1,707.00 | $ 5,956.81 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp2.frm 09/05

Page 2 of 5

Borrower
Co-Borrower

Freddie Mac Form 65  07/05

| VII. DETAILS OF TRANSACTION | | VIII. DECLARATIONS | | | | |
|---|---|---|---|---|---|---|
| | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Borrower | | Co-Borrower | |
| | | | Yes | No | Yes | No |
| a. Purchase price | $ 735,000.00 | a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☑ |
| b. Alterations, improvements, repairs | | b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☑ |
| c. Land (if acquired separately) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☑ |
| d. Refinance (incl. debts to be paid off) | | | | | | |
| e. Estimated prepaid items | | d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☑ |
| f. Estimated closing costs | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☑ | ☐ | ☑ |
| g. PMI, MIP, Funding Fee | | | | | | |
| h. Discount (if Borrower will pay) | | | | | | |
| i. Total costs (add items a through h) | 735,000.00 | | | | | |
| j. Subordinate financing | | | | | | |
| k. Borrower's closing costs paid by Seller | | | | | | |
| l. Other Credits (explain) | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☑ | ☐ | ☑ |
| | | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☑ |
| | | h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☑ |
| | | i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☑ |
| New First Mortgage | 588,000.00 | | | | | |
| New 1st Mtg Closing Costs | -22,623.40 | j. Are you a U. S. citizen? | ☑ | ☐ | ☑ | ☐ |
| | | k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☑ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 147,000.00 | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ | ☐ | ☑ | ☐ |
| n. PMI, MIP, Funding Fee financed | | m. Have you had an ownership interest in a property in the last three years? | ☑ | ☐ | ☑ | ☐ |
| o. Loan amount (add m & n) | 147,000.00 | (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 22,623.40 | (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | SP | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature X | Date | Co-Borrower's Signature X | Date |
|---|---|---|---|

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | | | CO-BORROWER | ☐ I do not wish to furnish this information | | |
|---|---|---|---|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | ☑ Not Hispanic or Latino | | Ethnicity: | ☐ Hispanic or Latino | ☑ Not Hispanic or Latino | |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian | ☐ Black or African American | Race: | ☐ American Indian or Alaska Native | ☐ Asian | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☑ White | | | ☐ Native Hawaiian or Other Pacific Islander | ☑ White | |
| Sex: | ☐ Female | ☑ Male | | Sex: | ☑ Female | ☐ Male | |

| To be Completed by Interviewer This application was taken by: ☐ Face-to-face Interview ☐ Mail ☑ Telephone ☐ Internet | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| | Interviewer's Signature | Date | |
| | Interviewer's Phone Number (incl. area code) | | |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp4.frm 09/05
Page 4 of 5
Freddie Mac Form 65  07/05

MIN: ███████████  Loan Number: ███████

# NOTE

THIS NOTE IS A CONTRACT FOR A SHORT-TERM LOAN. THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOUR INTEREST RATE AND TERMS WILL BE AT THE PREVAILING INTEREST RATE, WHICH MAY BE CONSIDERABLY HIGHER THAN THE INTEREST RATE ON THIS LOAN. YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

OCTOBER 13, 2006   ROSEVILLE,   CALIFORNIA
Date               City          State

2820 EAST OLIVE AVENUE, MERCED, CALIFORNIA 95340
Property Address         City      State          Zip Code

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 147,000.00   (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of    12.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 1,541.91
I will make my payments on the  1st  day of each month beginning on DECEMBER 1, 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on NOVEMBER 1, 2036
I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at   P.O. BOX 4387, HOUSTON, TEXAS 77210-4387

or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment, but not less than U.S. $ 5.00 and not more than U.S. $ N/A    . I will pay this late charge only once on any late payment.

(B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the p_____ in this Note. That Deed of Trust describes how and under what conditions I may be require payment in full of all amounts that I owe under this Note.
Some of those conditions are described as follows:


EXHIBIT B

CALIFORNIA - SECOND BALLOON NOTE
Document Systems, Inc. (800) 649-1362    Page 1 of 2

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE
\*\* See attached Prepayment Note Addendum.

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

### NOTICE TO BORROWER
Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

_____(Seal)  
MICHAEL TORELL -Borrower

_____(Seal)  
SARAH TORELL -Borrower

_____(Seal)  
-Borrower

_____(Seal)  
-Borrower

_____(Seal)  
-Borrower

_____(Seal)  
-Borrower

PAY TO THE ORDER OF
HERITAGE PACIFIC FINANCIAL, LLC d/b/a
HERITAGE PACIFIC FINANCIAL
WITHOUT RECOURSE
OWNIT MORTGAGE SOLUTIONS, INC.
A CALIFORNIA CORPORATION

BY: _____
Michelle Dority, Funder